UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN EDWARDS,

                Plaintiff,                Civil Action No. 23-11937

v.                                            David R. Grand[1]
                                               United States Magistrate Judge

TARGET CORPORATION,

                Defendant.

_____/

**OPINION AND ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT (ECF No. 62) AND RESOLVING
VARIOUS PENDING MOTIONS (ECF Nos. 55, 68, 74, 75, 77)**

This case arises out of a slip-and-fall that occurred at a Target store on December 18, 2020. *Pro se* plaintiff Carolyn Edwards ("Edwards")[2] alleges that, on that date, she

---

[1] The parties have consented to the undersigned exercising jurisdiction over all proceedings in this civil action pursuant to 28 U.S.C. § 636(c). (ECF No. 6).

[2] When Edwards commenced this action, she was represented by counsel. On February 16, 2024, Edwards' attorneys, Koussan Law, filed a motion to withdraw, explaining that they had been attempting to reach Edwards for approximately four months without success and, therefore, that there had been a breakdown in the attorney-client relationship. (ECF No. 17). On March 11, 2024, when Edwards failed to timely respond to Koussan Law's motion, the Court issued an order granting it. (ECF No. 18). On April 16, 2024, however, Edwards submitted a document indicating that she had been incarcerated since January 2, 2024, and objecting to Koussan Law's request that it be allowed to withdraw as her counsel in this matter. (ECF No. 20). On June 5, 2024, after holding two telephonic status conferences, the Court vacated its prior order and ordered Koussan Law to continue its representation of Edwards. (ECF No. 24). The case proceeded through discovery; however, on October 10, 2024, Koussan Law filed a renewed motion to withdraw, indicating that Edwards had filed a letter with the Court referring to her attorneys as "incompetent" and making factual misrepresentations to the Court, such that Koussan Law believed that effective communication and representation had broken down to an irreconcilable point. (ECF No. 31). Oral argument was scheduled on Koussan Law's motion, but Edwards failed to appear. (ECF No. 46). At that point, the Court entered an order permitting Koussan Law's withdrawal as counsel for Edwards, noting that both Koussan Law and Edwards had explained the friction between them, and good cause existed to permit Koussan Law's withdrawal. (*Id.*).

was walking into the store when she stepped off the entrance carpet, slipped on water on the linoleum floor, and fell. Edwards claims she suffered both physical and emotional injuries as a result of the fall. She asserts three claims against defendant Target Corporation ("Target") – for premises liability, gross negligence, and nuisance. (ECF No. 1-2).

Now pending before the Court is Target's motion for summary judgment, which was filed on June 26, 2025. (ECF No. 62). Edwards filed a response on June 30, 2025 (ECF No. 65), and Target filed a reply on July 14, 2025 (ECF No. 66).[3] The Court held oral argument on October 23, 2025.[4] The parties having been unable to reach a mutually agreeable settlement, Target's motion is now ripe for resolution.

### A. Factual Background

As set forth above, this matter arises out of an incident that occurred at a Target store located in Clinton Township, Michigan, on December 18, 2020.[5] In her complaint, Edwards alleges that, on that date, she slipped and fell when entering the Target store,

---

[3] On July 24, 2025, Edwards filed a second "response" to Target's motion for summary judgment. (ECF No. 67). On July 28, 2025, Target moved to strike Edwards' filing, arguing that, pursuant to E.D. Mich. LR 7.1(c)(3), a party must obtain leave of court to file more than one response to a motion for summary judgment. (ECF No. 68). Although Edwards' filing is an unauthorized sur-reply and could be stricken, given Edwards' *pro se* status, the Court will consider it in ruling on Target's summary judgment motion. Thus, **IT IS ORDERED** that Target's motion to strike Edwards' sur-reply **(ECF No. 68)** is **DENIED**.

[4] Subsequently, with the Court's permission, Target filed a supplemental brief in support of its motion (ECF No. 72), to which Edwards filed a response (ECF No. 73), and Target filed a reply (ECF No. 78).

[5] In her response to Target's motion for summary judgment, Edwards asserts that her injury occurred at the Target store "on Gratiot in Roseville, Mich.," not in Clinton Township. (ECF No. 65, PageID.644-45). While not particularly significant, Target provided evidence that the store at issue is "adjacent to Roseville," although technically located in Clinton Township. (ECF No. 66, PageID.659). Thus, there is no dispute as to where Edwards' fall occurred.

sustaining "severe and debilitating injuries as a result of a dangerous condition caused by or known to exist by [Target]." (ECF No. 1-2, PageID.16). Specifically, Edwards testified at her deposition that, as she was walking into the store, and stepping from the carpeted area to the linoleum, she slipped on water on the floor that she did not see until her right foot slipped on it. (ECF No. 62-3, PageID.610, 618). This testimony was consistent with Target's guest incident report, which indicates that Edwards "slipped on the floor and fell" near the store's front entrance. (ECF No. 62, PageID.498). Edwards asserts that she injured her back, right hip, and right shoulder when she fell. (ECF No. 67, PageID.666).

When questioned further about her fall, Edwards testified as follows:

> Q. When did you see water on the floor?
>
> A. I fell in it.
>
> Q. When did you see water on the floor?
>
> A. After I fell.
>
> Q. And what water did you see, how much water did you see?
>
> A. Enough for me to slip on.
>
> Q. I don't understand. Is that a drop, two drops, enough for a –
>
> A. I didn't measure it.
>
> Q. A full dinner plate size, two dinner plate size; how much water was on the floor?
>
> A. I don't remember.

(ECF No. 62-3, PageID.616-17). When asked whether she knew how long the water had been there or where it came from, Edwards answered in the negative. (*Id.*, PageID.618). Edwards testified as follows regarding her contentions about Target employees' awareness

3

of the water:

> Q. Did you point out water on the floor to any Target employee?
>
> A. Yes, I did.
>
> Q. What did you say about water on the floor?
>
> A. The security guard got the wet floor sign and he put it there.
>
> Q. You saw a security guard take a wet –
>
> A. He saw me fall.
>
> Q. Let me get my question out please. You said a security guard put a wet floor sign in the area that you fell?
>
> A. Yes.
>
> Q. He told you he saw you fall?
>
> A. Yes.
>
> Q. What did he say?
>
> A. I saw you fall.
>
> Q. What else did he say?
>
> A. Was I all right.
>
> Q. Did he say anything else?
>
> A. No. He helped me get up.
>
> Q. Did he tell you he saw water on the floor?
>
> A. He didn't tell me anything but what I said.
>
> Q. Did you tell him water was on the floor?
>
> A. Yes.

(*Id.*, PageID.618-19). Edwards further testified that she does not know whether anyone else had slipped on the water and fallen prior to her fall. (*Id.*, PageID.622-23).

### B.     Standard of Review

Pursuant to Rule 56, the Court will grant summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Pittman v. Cuyahoga Cty. Dep't of Children & Family Servs.*, 640 F.3d 716, 723 (6th Cir. 2011). A fact is material if it might affect the outcome of the case under governing law. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In determining whether a genuine issue of material fact exists, the Court assumes the truth of the non-moving party's evidence and construes all reasonable inferences from that evidence in the light most favorable to the non-moving party. *See Ciminillo v. Streicher*, 434 F.3d 461, 464 (6th Cir. 2006).

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and must identify particular portions of the record that demonstrate the absence of a genuine dispute as to any material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Alexander v. CareSource*, 576 F.3d 551, 558 (6th Cir. 2009). "Once the moving party satisfies its burden, 'the burden shifts to the nonmoving party to set forth specific facts showing a triable issue.'" *Wrench LLC v. Taco Bell Corp.*, 256 F.3d 446, 453 (6th Cir. 2001) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In response to a summary judgment motion, the opposing party may not rest on its pleadings, nor "'rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact' but must make an affirmative showing with proper evidence in order to defeat the motion." *Alexander*, 576 F.3d at 558 (quoting *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479 (6th Cir. 1989)). Indeed,

"'[t]he failure to present any evidence to counter a well-supported motion for summary judgment alone is grounds for granting the motion.'" *Id*. (quoting *Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009)). "Conclusory statements unadorned with supporting facts are insufficient to establish a factual dispute that will defeat summary judgment." *Id*. at 560 (citing *Lewis v. Philip Morris, Inc.*, 355 F.3d 515, 533 (6th Cir. 2004)).

**C.  Analysis**

*1.  Premises Liability Claim*

In Michigan, "[a]ll negligence actions, including those based on premises liability, require a plaintiff to prove four essential elements: duty, breach, causation, and harm." *Kandil-Elsayed v. F & E Oil, Inc.*, 512 Mich. 95, 110 (2023). Under Michigan law, because Edwards entered Target's store for commercial purposes, she is classified as an "invitee." *Id.* at 111. A landowner has a duty to "exercise reasonable care to protect invitees from an unreasonable risk of harm caused by a dangerous condition of the land." *Id.* at 111-12 (internal quotation marks omitted).

Importantly, the mere fact that an invitee falls while on a landowner's premises does automatically render the landowner liable for the invitee's fall or resulting injuries. Rather, liability only attaches where the landowner breaches its duty of care, and such a breach only occurs where the landowner "knows or should know of a dangerous condition on the premises of which the invitee is unaware and fails to fix the defect, guard against the defect, or warn the invitee of the defect." *Lowrey v. LMPS & LMPJ, Inc.*, 500 Mich. 1, 8 (2016) (internal quotation marks omitted). Thus, the landowner must have had "actual or constructive notice of the dangerous condition" prior to the invitee's fall. *Id.* at 10. "The

proprietor is liable for injury resulting from an unsafe condition caused by the active negligence of [itself] and [its] employees; and [it] is liable when the unsafe condition, otherwise caused, is known to the storekeeper or is of such a character or has existed a sufficient length of time that [it] should have knowledge of it." *Id.* (internal quotation marks omitted).

Here, while there appears to be no dispute that Edwards fell at the Target store in question, she has not presented evidence that Target (including any of its employees) had actual or constructive notice of the water that was on the floor when she fell.[6] Edwards could not testify as to how long the water had been present on the floor before her fall, nor did she present any other evidence as to that issue. She also presented no evidence that anyone else slipped and fell on the water before she did. Thus, there is simply no evidence that Target had actual or constructive notice of any water on the floor prior to Edwards' fall. Under Michigan law, this dooms Edwards' premises liability claim.

Numerous Michigan courts have held that in order to obtain summary judgment, a defendant landowner is not required to prove a *lack* of notice, but "need[] only to show that plaintiff presented insufficient proof to establish the notice element of her claim." *Lowrey*, 500 Mich. at 3. *See also Karamol v. Meijer, Inc.*, No. 366540, 2024 WL 3466377, at *3 (Mich. App. July 18, 2024) (granting summary disposition on plaintiff's premises liability claim where she presented no evidence that the defendant had actual or constructive notice

---

[6] Indeed, Edwards testified at her deposition that, after she fell, the Target employee who helped her up did not tell her that he saw water on the floor; rather, *Edwards admits that she told the employee* about the water. (ECF No. 62-3, PageID.619). She further asserts that after she fell, a Target employee placed a "wet floor" sign near the site of her fall. (ECF No. 67, PageID.669).

7

of the spilled milk on the floor on which she allegedly slipped and fell); *Darnell v. Wal-Mart Stores, Inc.*, No. 359970, 2023 WL 2052180, at *3 (Mich. App. Feb. 16, 2023) (granting summary disposition where the plaintiff provided "no deposition testimony, affidavits, or other documentary evidence" supporting her assertion that the defendant had notice of the water on the floor on which she slipped).

Here, where Edwards failed to present any evidence that Target had actual or constructive notice of the water on the floor before her fall, she fails to raise a material question of fact that Target breached its duty of care owed to her. Again, while the Court is sympathetic to Edwards' unfortunate fall and any injuries she sustained, the mere fact that an accident occurred is an insufficient basis to find Target liable.[7] *See Whitmore v. Sears, Roebuck & Co.*, 89 Mich. App. 3, 9 (1979) ("[W]e have uniformly held that the happening of the accident alone is not evidence of negligence[.]") (internal quotation marks omitted). Thus, Target is entitled to summary judgment on Edwards' premises liability claim.

---

[7] In her response to Target's motion for summary judgment, Edwards indicates that she "had a new MRI of [her] injured back" and may require additional surgery. (ECF No. 65, PageID.645). She also asserts that her "pain and suffering & medical treatment is [the] evidence" she presents in opposition to Target's motion. (*Id.*, PageID.646). Edwards does attach medical records to her response (*id.*, PageID.648-57), and, on October 31, 2025, she filed a "Notice of Medical Evidence," along with nearly 80 additional pages of medical records, some of which concern a recent spinal surgery she had that appear to relate to spinal surgeries she had in 2018, 2019, and 2020 (before her fall). (ECF No. 76; PageID.915, 922). On November 4, 2025, Target filed a motion to strike Edwards' filing. (ECF No. 77). Although the records in question are generally not relevant to the issue of whether Target had notice of any water on the floor prior to Edwards' fall, in order to give Edwards the benefit of the doubt, the Court has reviewed them and finds that nothing in those records speaks to the issue of Target's liability for her fall. Therefore, **IT IS ORDERED** that Target's motion to strike **(ECF No. 77)** is **DENIED AS MOOT.**

### 2. *Gross Negligence Claim*

The Court next turns to Edwards' claim for gross negligence. As another judge in this district recently noted, "[t]here is a real question as to whether Michigan law recognizes a common law claim for gross negligence like the one asserted by [Edwards]." *Gleason v. Target Corp.*, No. 23-11337, 2024 WL 4864177, at *3 (E.D. Mich. Nov. 21, 2024) (citing *Johnson v. Williams*, No. 15-13856, 2017 WL 4236548, at *16 (E.D. Mich. Sept. 25, 2017) ("[W]hile gross negligence is an important substantive concept under Michigan law, there is no independent cause of action for gross negligence.")). However, assuming that a cause of action for gross negligence does exist under Michigan law, such a claim by Edwards fails here because the evidence she presents is insufficient to create a genuine issue of material fact as to whether Target was grossly negligent.

According to the *Gleason* court, "[g]ross negligence ... has been defined to exist when the following conditions are present: (1) [k]nowledge of a situation requiring the exercise of ordinary care and diligence to avert injury to another; (2) ability to avoid the resulting harm by ordinary care and diligence in the use of the means at hand; [and] (3) the omission to use such care and diligence to avert the threatened danger, when to the ordinary mind it must be apparent that the result is likely to prove disastrous to another." *Gleason*, 2024 WL 4864177, at *3 (internal quotation marks omitted). Here, as explained above, Edwards has presented no evidence that Target knew of or created any dangerous condition within its premises prior to her fall, and thus she fails to raise a material question of fact as to whether Target engaged in grossly negligent conduct. Target is therefore entitled to summary judgment on Edwards' gross negligence claim.

    *3.*    *Nuisance Claim*

Finally, the Court addresses Edwards' nuisance claim. "Historically, Michigan has recognized two distinct versions of nuisance, public nuisance and private nuisance." *Adkins v. Thomas Solvent Co.*, 440 Mich. 293, 302 (1992). Although Edwards mentions both versions in her complaint (ECF No. 1-2, PageID.18), she cannot establish either here.[8]

"A public nuisance 'involves the unreasonable interference with a right common to all members of the general public.'" *Hawthorne v. Wal-Mart Stores East, LP*, No. 18-12628, 2021 WL 2986205, at *3 (E.D. Mich. July 15, 2021) (quoting *Sholberg v. Truman*, 496 Mich. 1, 6 (2014)). "The term 'unreasonable interference' includes 'conduct that (1) significantly interferes with the public's health, safety, peace, comfort, or convenience, (2) is proscribed by law, or (3) is known or should have been known by the actor to be of a continuing nature that produces a permanent or long-lasting, significant effect on these rights.'" *Hawthorne*, 2021 WL 2986205, at *3 (quoting *Cloverleaf Car Co. v. Phillips Petroleum Co.*, 213 Mich. App. 186, 190 (1995)).

Here, Edwards has pointed to no evidence indicating that the conditions in Target's store at the time in question significantly interfered with the public's health, safety, comfort, or convenience. As set forth above, Edwards testified at her deposition that she

---

[8] There can be little dispute as to any purported claim for private nuisance. "A private nuisance is a nontrespassory invasion of another's interest in the private use and enjoyment of land." *Adkins*, 440 Mich. at 302. Here, where Edwards does not allege that Target interfered with the use and enjoyment of her land, she may not maintain a claim for a private nuisance. *See Marble v. Dobson*, No. 204535, 1998 WL 1989918, at *1, n. 1 (Mich. Ct. App. Sept. 18, 1998) (explaining that a plaintiff who was injured after stepping in a pothole "[c]learly" had "no cause of action for a private nuisance" because "no land owned by plaintiff [was] involved" in his claim).

did not see any water on the floor before she fell, nor does she know how long it had been there. (ECF No. 62-3, PageID.616-18). Indeed, Edwards said that a security guard who witnessed her fall came to assist her, helped her up, and immediately put up a "wet floor" sign. (*Id.*, PageID.619). Courts have held that small puddles of water on store floors are not sufficiently threatening to the public health to constitute a public nuisance. *See, e.g.*, *Gleason*, 2024 WL 4864177, at *3-4 (plaintiff who allegedly slipped and fell on water on the floor of a store, fracturing her kneecap, could not maintain public nuisance claim); *Hawthorne*, 2021 WL 2986205, at *3 ("A spill on a Wal-Mart floor present for a relatively short period of time simply does not rise to the level of a public nuisance."). Thus, Target is entitled to summary judgment on Edwards' nuisance claim.[9]

### D. Conclusion

For all of the foregoing reasons, **IT IS ORDERED** that Target's Motion for Summary Judgment **(ECF No. 62)** is **GRANTED**.[10]

---

[9] In arguing that summary judgment should be denied as to her gross negligence and nuisance claims, Edwards asserts that she requested video footage of the incident, but Target refused to produce it. (ECF No. 73, PageID.856). She raises the same complaint in her October 31, 2025 "Motion to Concur" and her October 31, 2025 "Motion for Nuisance, Negligence, Pain & Suffering Against Target." (ECF No. 74, PageID.858; ECF No. 75, PageID.861). However, Target represents that it "shared all videos with [Edwards'] former attorney during the discovery process, therefore [Edwards] has had access to any and all videos." (ECF No. 78, PageID.948). Edwards has not disputed this assertion. Moreover, to the extent Edwards' motions can be construed as motions to compel production of the video at this late stage of the proceedings, the Court notes that these filings were submitted well after the June 6, 2025 discovery cutoff in this case. Therefore, **IT IS ORDERED** that Edwards' "Motion to Concur" **(ECF No. 74)** and her "Motion for Nuisance, Negligence, Pain & Suffering Against Target" **(ECF No. 75)** are **DENIED.**

[10] Because the Court is granting Target's motion for summary judgment, it need not consider the merits of Target's previously filed motion to dismiss, which was based on Edwards' failure to appear for her deposition. (ECF No. 55). Thus, **IT IS ORDERED** that Target's motion to dismiss **(ECF No. 55)** is **DENIED AS MOOT.**

11

| | |
|---|---|
| Dated: January 30, 2026<br>Ann Arbor, Michigan | s/David R. Grand<br>DAVID R. GRAND<br>United States Magistrate Judge |

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on January 30, 2026.

                                      s/Eddrey O. Butts
                                      EDDREY O. BUTTS
                                      Case Manager